**UNITED STATES of America,**

v.

**Egland Oswald CUMMINGS, Defendant.**

**No. 85 CR 309 (S–3).**

United States District Court,
E.D. New York.

April 22, 1986.

---

Reena Raggi, U.S. Atty., Brooklyn, N.Y. (Dennis E. Milton, Asst. U.S. Atty., of counsel), for U.S.

Robert C. Dorf, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This court asked the parties to submit additional briefs on whether a Probation Department official violated defendant's fifth amendment rights when she questioned him without giving full *Miranda* warnings. The court also held a hearing to determine whether the statements made to the Probation Department official were otherwise invalidly obtained.

On May 1, 1985 federal agents arrested defendant for conspiracy to commit bank larceny. This court, on November 27, 1985, held that the agents arrested defendant without probable cause, and suppressed physical evidence and three post arrest statements to the agents. On January 8, 1986 the grand jury indicted defendant on two additional counts that charged him with violating 18 U.S.C. § 1001 by giving a false name both to the Federal Bureau of Investigation (count six) and to the United States Probation Department (count seven).

This court dismissed count six for lack of venue on March 5, 1986.

Defendant claims that prior to his initial indictment the Probation Department official violated his fifth amendment rights when she failed to give him full *Miranda* warnings before interviewing him for the purpose of making a report to the court on an application for bail. He urges that the court should suppress the evidence obtained from the interview.

Defendant signed, allegedly with a false name, a form containing, so far as pertinent, the following:

I have the right to remain silent.

I have the right to talk to a lawyer before I answer any questions.

I understand that I will not be questioned about the details of the offense for which I am now being charged.

I further understand that nothing I say can be used against me on the issue of guilt in any judicial proceeding, except with respect to prosecution for *perjury* or *false statements* allegedly committed in the course of obtaining pretrial release.

.     .     .     .     .

I understand that the above rights apply throughout my involvement with the Pretrial Services Agency.

*I have read this form, or had it read to me; I understand my rights, and I wish to complete the interview.* (Emphasis in original.)

Defendant now objects that he was not informed that a lawyer would be appointed for him if he was unable to retain one.

This court has found no cases that address whether providing false pedigree information that gives rise to a charge of perjury or false statement may be suppressed if obtained in the absence of the complete warnings described in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, in *United States ex rel. Hines v. LaVallee,* 521 F.2d 1109 (2d Cir.), *cert. denied,* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976), the Second Circuit held that basic identification

information, which later turned out to be highly incriminating, would not be suppressed even though the police failed to give *Miranda* warnings. The court cited with approval the draft of the American Law Institute's Model Code of Pre-Arraignment Procedure § 140.8(5) that limited *Miranda* safeguards to " 'questioning designed to investigate crimes or the involvement of the arrested person or others in crimes' as distinguished from 'non-investigative questions.' "

Here defendant gave an allegedly false name in response to routine, noninvestigatory questioning. Moreover the form he signed explicitly informed him of his right to a lawyer and that a false statement could result in prosecution. He can hardly claim that he needed a lawyer to advise him that a false statement could lead to prosecution.

Even though this court has determined his arrest on the original charge to be invalid, an improper arrest does not justify defendant's giving of deliberately false information in an effort to obtain release on bail. The court finds nothing to suggest that defendant was coerced by the probation official.

Defendant's motion to suppress the statement is denied. So ordered.